FILED

10:18 am, 11/30/11

Tim J. Ellis
Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TED JORGENSEN and | ) | Case No. 11-20046 |
| CYNTHIA JORGENSEN, | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION ON
## DEBTORS' MOTION FOR VIOLATION OF STAY

On September 20, 2011, this matter came before the court for an evidentiary

hearing on the Motion for Violation of Stay, filed by Ted Jorgensen and Cynthia

Jorgensen, ("Debtors") and the Bank of Jackson Hole's ("Bank") Opposition. The

Debtors were represented by Justin Rammel. Isaac Sutphin represented the Bank. The

court having reviewed the record, testimony, evidence and applicable law and based

upon the following, denies the motion.

Prior to filing their bankruptcy petition, Debtors operated Grant Interiors of Star

Valley, LLC ("Grant Interiors"). Grant Interiors executed a promissory note with the

Bank on February 2, 2010, borrowing $99,639.44. Debtors, as "Members of Grant

Interiors...," executed the note. The Debtors also executed a Commercial Security

Agreement to secure the payment of the note. The collateral was described as "Accounts

and Other Rights to Payment," "Inventory," "Equipment," and, "General Intangibles."

The Debtors filed for individual chapter 7 bankruptcy protection on January 19, 2011

listing the Bank as an unsecured creditor on Schedule F with a claim in the amount of

$818.00.

On April 21, 2011, the Bank sent a "Notice of Default and Demand for Immediate

Payment" by certified mail, to:

> Grand Interiors of Star Valley, LLC
> Ted R. Jorgensen, Manager/Member
> Cynthia Jorgensen, Manager/Member
> P.O. Box 770
> Thayne, WY 83127-0771

The letter asserted that Grand Interiors was in default under the terms of the
promissory note; demanded immediate payment of all sums due and owing...that failure
to have the amount in the hands of the Bank by the close of business on May 9, 2011
would result in the taking legal action to protect its interests.

Subsequently, a summons was issued from the State of Wyoming Third Judicial
District on June 23, 2011 and served, with a complaint, upon:

> Grand Interiors of Star Valley, LLC
> c/o Registered Agent Ted R. Jorgensen
> 199 Alta Way
> Thayne, WY 83127

**Discussion**

The Debtors argue that the Bank violated the automatic stay upon filing a case in

the Third Judicial District for Lincoln County, State of Wyoming on June 23, 2011; and,

by contacting the Debtors and Debtors' attorney requesting the ability to inspect or

recover the collateral for its loan. The Debtors assert that the collateral is property of the

bankruptcy estate and the Bank's action violated the automatic stay of their bankruptcy

case.

The court's review of the docket shows that the Bank was later allowed to inspect

the collateral. The review also shows that the Bank requested and was granted relief

from the automatic stay to recover and foreclose on the collateral "against the borrower,

Grand Interiors of Star Valley, LLC." The Debtors did not object and the Order

Granting Bank of Jackson Hole's Motion for Relief from Stay was entered on October.

18, 2011.

Under 11 U.S.C. § 362(a)(3),[1] a bankruptcy petition triggers a stay against any act

aimed at obtaining possession of property belonging to the debtor's estate. Section

362(k)(1) provides, in part, that an individual injured by any willful violation of the

automatic stay shall recover actual damages, including costs and attorneys' fees. The

issue before this court is whether the Bank was attempting to foreclose on property of the

bankruptcy estate.

Defining property of a bankruptcy estate under §541(a) is a question of federal

law, but the nature and extent of the bankruptcy debtor's interest in the property is

determined by applicable state law. Section §541(a)(1) focuses on the rights of the

debtor in property as of the date the bankruptcy petition was filed.[2]

The Wyoming Statues, regarding the dissolution and winding up a limited liability

company, provide, as relevant:

Wyo. Stat. §17-29-701. Events causing dissolution.
    (a) A limited liability company is dissolved, and its activities must

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

[2] *In re Aldape Telford Glazier, Inc.*, 410 B.R. 60 (Bankr. D. Idaho 2009).

be wound up, upon the occurrence of any of the following:

    (i) An event or circumstance that the operating agreement or articles of organization states causes dissolution;

    (ii) The consent of all the members;

    (iii) The passage of ninety (90) consecutive days during which the company has no members;

    (iv) On application by a member, the entry of a court order dissolving the company on the grounds that:

        (A) The conduct of all or substantially all of the company's activities is unlawful; or

        (B) It is not reasonably practicable to carry on the company's activities in conformity with the articles of organization and the operating agreement; or

    (v) On application by a member or dissociated member, the entry of a court order dissolving the company on the grounds that the managers or those members in control of the company:

        (A) Have acted, are acting, or will act in a manner that is illegal or fraudulent; or

        (B) Have acted or are acting in a manner that is oppressive and was, is, or will be directly harmful to the applicant.

    (b) In a proceeding brought under paragraph (a)(v) of this section, the court may order a remedy other than dissolution.

Wyo. Stat. §17-29-702.  Winding up.

    (a) A dissolved limited liability company shall wind up its activities and the company continues after dissolution only for the purpose of winding up.

    (b) In winding up its activities, a limited liability company:

    (i) Shall discharge the company's debts, obligations, or other liabilities, settle and close the company's activities and marshal and distribute the assets of the company; and

    (ii) May:

        (A) Deliver to the secretary of state for filing articles of dissolution stating the name of the company and that the company is dissolved;

        (B) Preserve the company activities and property as a going concern for a reasonable time;

        (C) Prosecute and defend actions and proceedings,

whether civil, criminal or administrative;
(D)  Transfer the company's property;
(E)  Settle disputes by mediation or arbitration;
(G)  Perform other acts necessary or appropriate to the winding up...

**Wyo. Stat. § 17-29-703.  Known claims against dissolved limited liability company.**

(a)  Except as otherwise provided in subsection (d) of this section, a dissolved limited liability company may give notice of a known claim under subsection (b) of this section, which has the effect as provided in subsection (c) of this section.

(b)  A dissolved limited liability company may in a record notify its known claimants of the dissolution. The notice shall:

(i)  Specify the information required to be included in a claim;

(ii)  Provide a mailing address to which the claim is to be sent;

(iii)  State the deadline for receipt of the claim, which may not be less than one hundred twenty (120) days after the date the notice is received by the claimant; and

(iv)  State that the claim will be barred if not received by the deadline.

(c)  A claim against a dissolved limited liability company is barred if the requirements of subsection (b) of this section are met and:

(i)  The claim is not received by the specified deadline; or

(ii)  If the claim is timely received but rejected by the company:

(A)  The company causes the claimant to receive a notice in a record stating that the claim is rejected and will be barred unless the claimant commences an action against the company to enforce the claim within ninety (90) days after the claimant receives the notice; and

(B)  The claimant does not commence the required action within the ninety (90) days.

(d)  This section does not apply to a claim based on an event occurring after the effective date of dissolution or a liability that on that date is contingent.

**Wyo. Stat. §17-29-704.  Other claims against dissolved limited liability company.**

(a)  A dissolved limited liability company may publish notice of its dissolution and request persons having claims against the company to present them in accordance with the notice.

(b)  The notice authorized by subsection (a) of this section shall:

(i)  Be published at least once in a newspaper of general circulation in the county in this state in which the dissolved limited liability company's principal office is located or, if it has none in this state, in the county in which the company's designated office is or was last located;

(ii)  Describe the information required to be contained in a claim and provide a mailing address to which the claim is to be sent; and

(iii)  State that a claim against the company is barred unless an action to enforce the claim is commenced within three (3) years after publication of the notice.

(c)  If a dissolved limited liability company publishes a notice in accordance with subsection (b) of this section, unless the claimant commences an action to enforce the claim against the company within three (3) years after the publication date of the notice, the claim of each of the following claimants is barred:

(i)  A claimant that did not receive notice in a record under W.S. 17-29-703;

(ii)  A claimant whose claim was timely sent to the company but not acted on; and

(iii)  A claimant whose claim is contingent at, or based on an event occurring after, the effective date of dissolution.

(d)  A claim not barred under this section or W.S. 17-29-703(c) may be enforced:

(i)  Against a dissolved limited liability company, to the extent of its undistributed assets; and

(ii)  If assets of the company have been distributed after dissolution, against a member or transferee to the extent of that person's proportionate share of the claim or of the assets distributed to the member or transferee after dissolution, whichever is less, but a person's total liability for all claims under this paragraph does not exceed the total amount of assets distributed to the person after dissolution.

Wyo. Stat. § 17-29-708.  Distribution of assets in winding up limited liability company's activities.

(a)  In winding up its activities, a limited liability company shall apply its assets to discharge its obligations to creditors, including members that are creditors.

(b)  After a limited liability company complies with subsection (a) of this section, any surplus shall be distributed in the following order, subject to any charging order in effect under W.S. 17-29-503:

(i)  To each person owning a transferable interest that reflects contributions made by a member and not previously returned, an amount equal to the value of the unreturned contributions; and

(ii)  In equal shares among members and dissociated members, except:

(A)  To the extent otherwise provided in a written or verbal operating agreement as set forth in W.S. 17-29-110;

(B)  To the extent necessary to comply with any transfer effective under W.S. 17-29-502; or

(C)  To the extent otherwise represented by the company through an authorized representative in tax filings with the Internal Revenue Service in which the status elected by the company is not timely disputed by any member.

(c)  If a limited liability company does not have sufficient surplus to comply with paragraph (b)(i) of this section, any surplus shall be distributed among the owners of transferable interests in proportion to the value of their respective unreturned contributions.

(d)  All distributions made under subsections (b) and (c) of this section shall be paid in money.

Under the Wyoming Statues, the limited liability company ("LLC") does not cease to exist upon dissolution.  Rather, it continues to exist for the purpose of winding up its affairs.[3]  Wyo. Stat. § 17-29-702 indicates which persons are authorized to wind up the business affairs of an LLC and

---

[3] Wyo. Stat. § 17-29-701 (2011).

the particular acts such a person may take to complete the wind-up. The person authorized to wind up the LLC's affairs "**shall**[4] discharge the company's debts, obligation or other liabilities...settle and close the company's activities...and marshal and distribute the assets of the company."[5] Additionally, the person "may preserve the company's activities and property as a going concern for a reasonable time; prosecute and defend actions; transfer the company's property; settle disputes by mediation or arbitration; and, perform other acts necessary or appropriate to the winding up."[6] The procedures which a LLC may follow to give notice to a known claim are set out in Wyo. Stat. §17-29-703. Additional procedures for notice to unknown claims against a dissolved LLC are described in Wyo. Stat. §17-29-704. The manner in which assets of the LLC shall be distributed upon winding up are set out in Wyo. Stat. §17-29-708. First, the LLC "**shall** apply its assets to discharge its obligations to creditors, including creditors that are members."[7] Secondly, any surplus shall be distributed, and paid in money[8], to (1) each person owning an

---

[4] Emphasis added.

[5] Wyo. Stat. § 17-29-702(a) (2011).

[6] Wyo. Stat. § 17-29-702(b) (2011).

[7] Wyo. Stat. § 17-29-708 (2011). Emphasis added.

[8] Wyo. Stat. §17-29-708(d) (2011).

interest reflecting a member's contributions and not previously returned;

and (2) in equal shares among its members.[9]

There was not any evidence presented that the winding up process

for Grand Interiors was concluded according to the requirements of the

Wyoming Statutes.  In fact, there was testimony that the Bank had not been

paid its claim based upon the promissory note executed by Grand Interiors.

The Bank, based on the Wyoming Statutes, cannot have received any

distribution of assets from Grand Interiors, as assets must first be

distributed to creditors, and only then to the members.

In this case the Debtors gained possession of Grand Interiors' assets,

as they were the members, and should have been proceeding with the wind

up of the dissolved LLC.  However, their possession of the assets  does not

equate to ownership.

The dissolution of Grand Interiors triggered the winding up process.

The members of the dissolved LLC, Grand Interiors, did not automatically

retain its assets as their own.  The Debtors' holding and distribution of

these assets is strictly controlled by the Wyoming Statutes.  Grand Interiors

was required to "apply its assets to discharge its obligations to creditors."

Only after the creditors claims are discharged, and in the event that there is

_____

[9] Wyo. Stat. §17-29-708 (a) and (b) (2011).

a surplus, are the Debtors provided for distribution of the assets in
accordance with Wyo. Stat. §17-29-708, and then only in the form of
"money."

The court finds that the collateral that secured the promissory note
signed by the members of Grand Interiors, as an LLC, in favor of the
Bank, is not property of the estate. Therefore, the Bank did not violate the
automatic stay.

This opinion constitutes the Court's findings of fact and conclusions
of law. A separate order shall be entered pursuant to Fed. R. Bankr. P.
9021.

DATED this _30_ day of November, 2011.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
       Justin Rammel
       Isaac Sutphin